## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **RONDALD ARMBRESTER,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:15-cv-01738-MHH-TMP** |
| | } | |
| **LLOYDS LONDON INS.** | } | |
| **UNDERWRITERS, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

In this action, *pro se* plaintiff Ronald Armbrester asserts state law claims for conspiracy, fraud, and breach of contract against a number of defendants.  Mr. Armbrester contends that the defendants did not compensate him for a fire loss pursuant to the terms of a homeowner's insurance policy.

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the defendants ask the Court to dismiss this action.  (Doc. 20).[1]  The defendants argue that this federal district court lacks jurisdiction over Mr. Armbrester's state law claims.  The

---

[1] In their motion, the defendants also challenge personal jurisdiction, service, and the sufficiency of some of Mr. Armbrester's claims.  (Doc. 20, pp. 7-14).  The defendants filed an amended motion to dismiss in which they clarified footnote 1 of their original motion to dismiss and added legal argument concerning the amount in controversy.  (Doc. 30).

defendants attached to their motion information to supplement the jurisdictional information in the amended complaint. Therefore, the Court notified the parties that it would convert the Rule 12(b)(1) motion to dismiss into a Rule 56 motion for summary judgment. (Doc. 37). The Court gave Mr. Armbrester time to respond, and on September 11, 2017, Mr. Armbrester filed an "Answer to Summary Judgment." (Doc. 42).

After reviewing the defendants' arguments and Mr. Armbrester's response, the Court concluded that it did not have sufficient information to determine whether it has subject matter jurisdiction over Mr. Armbrester's state law claims. Therefore, on September 20, 2017, the Court issued a show cause order and asked Mr. Armbrester to please file an affidavit containing information from which the Court could examine Mr. Armbrester's citizenship. (Doc. 44). Mr. Armbrester complied with the Court's order. (Doc. 45).[2] Having considered the entire record in this case, the Court finds that it lacks subject matter jurisdiction over Mr. Armbrester's state law claims. Therefore, the Court must dismiss this action

---

[2] As part of his response to the Court's show cause order, Mr. Armbrester submitted information and exhibits that contained personal identifying information and financial account numbers. Therefore, the Court asked the Clerk to please seal Mr. Armbrester's original response and file a redacted copy of Mr. Armbrester's declaration. (Doc. 46). On October 13, 2017, the Clerk filed a redacted copy of Mr. Armbrester's declaration and exhibits. (Doc. 47).

because a federal court has no authority to proceed in the absence of subject matter jurisdiction.

## I.     FACTUAL BACKGROUND

When Mr. Armbrester decided to purchase a homeowner's insurance policy for his house in Talladega, Alabama, Mr. Armbrester contacted Phillips Insurance Agency.  (Doc. 13, p. 3).[3]  An agent from Phillips Insurance Agency referred Mr. Armbrester to defendant Burns & Wilcox, Ltd. for an insurance policy quote. (Doc. 13, p. 3).  On February 15, 2008, defendant Certain Underwriters at Lloyd's, London issued Policy No. 340698 to insure Mr. Armbrester's house for one year. (Doc. 13, p. 18; *see also* Doc. 20-4).  On February 25, 2008, Mr. Armbrester's house burned and was a total loss.  (Doc. 13, pp. 3, 24).  The fire marshal concluded that the fire was accidental.  (Doc. 13, p. 4).  Mr. Armbrester filed a proof of loss with Lloyd's of London and sought $357,600.00 under the insurance policy.  (Doc. 13, pp. 3, 24-25).  To date, Lloyd's of London has not paid the claim.  (Doc. 13, p. 4).  Mr. Armbrester is pursuing his state law claims in this lawsuit to try to obtain the policy proceeds for the fire loss.  (Doc. 13, p. 8).

---

[3] Mr. Armbrester named Phillips Insurance Agency as a defendant in the original complaint, but the Court dismissed Phillips Insurance Agency pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(I) consistent with Mr. Armbrester's notice of voluntary dismissal.  (Doc. 5; Doc. 7). In his amended complaint, Mr. Armbrester did not name Phillips Insurance Agency as a party defendant.  (*See* Doc. 13).

## III.  ANALYSIS

"[F]ederal courts are courts of limited jurisdiction," and they may not act outside of their statutory subject matter jurisdiction. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). When a federal court acts outside of its statutory subject matter jurisdiction, it "unconstitutionally invades the powers reserved to the states to determine controversies in their own courts." *Univ. of S. Ala.*, 168 F.3d at 410. The statutory basis for subject matter jurisdiction in this action is 28 U.S.C. § 1332.[4] A district court may exercise jurisdiction over state law claims under 28 U.S.C. § 1332 if the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

For purposes of diversity jurisdiction, a private individual is a citizen of the state in which he is domiciled. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (stating that domicile requires both residence in a state and an intention to remain there indefinitely). When Mr. Armbrester filed this action in

---

[4] Although Mr. Armbrester invoked federal question jurisdiction (which arises under 28 U.S.C. § 1331) in his amended complaint and made reference to a § 1983 claim, the Court cannot identify a viable federal question in Mr. Armbrester's amended complaint. (Doc. 39, p. 2; Doc. 44, p. 2, n. 1). In his amended complaint, Mr. Armbrester seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. (Doc. 13, p. 2). A request for declaratory relief under the Declaratory Judgment Act does not create a federal question. There must be an independent basis for subject matter jurisdiction before a court may provide declaratory relief. *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989).

October 2015, he was incarcerated in an Alabama state prison. (*See* Doc. 1, p. 6; Doc. 2, p. 1).[5] A prisoner's place of incarceration does not determine citizenship. *Polakoff v. Henderson,* 370 F. Supp. 690, 693 (N.D. Ga. 1973), *aff'd,* 488 F.2d 977 (5th Cir. 1974).[6] "A prisoner's citizenship is determined by his domicile prior to incarceration." *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355-56 (M.D. Fla. 2001) (citing *Polakoff*, 370 F.Supp. at 693); *see also Denlinger v. Brennan,* 87 F.3d 214, 216 (7th Cir.1996) ("[T]he domicile of [a] prisoner before he was imprisoned is presumed to remain his domicile while he is in prison.").

Before he was incarcerated, Mr. Armbrester lived in a house in Talladega County, Alabama from 2000 until it burned in 2008. (Doc. 47, p. 1, ¶ 2; Doc. 47, p. 2, ¶ 4). Mr. Armbrester owned real property in Alabama, and his home furnishings remain in Alabama. (Doc. 47, p. 2, ¶¶ 6-7). Mr. Armbrester had an Alabama driver's license, and his vehicles were registered in Talladega County, Alabama. (Doc. 47, p. 2, ¶¶ 8-9). Mr. Armbrester received mail at Alabama addresses; Mr. Armbrester had bank accounts in Alabama; Mr. Armbrester had Alabama telephone numbers; and Mr. Armbrester paid utility bills in Alabama.

---

[5] Mr. Armbrester remains in state custody. In December 2016, he was transferred from a facility in Atmore, Alabama to one in Clio, Alabama. (*See* Doc. 33).

[6] *See Bonner v. Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent in the Eleventh Circuit Court of Appeals decisions that the Fifth Circuit Court of Appeals rendered before October 1, 1981).

(Doc. 47, p. 2, ¶¶ 10-14). Based on these facts, the Court finds that Mr. Armbrester was domiciled in Alabama when he filed this lawsuit. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) ("A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever absent therefrom.") (internal quotation marks and citation omitted); *Lee v. Airwalk Alabama, LLC*, 2013 WL 4482613 at *3 (N.D. Ala. Aug. 19, 2013) (a court may consider location of home ownership and other real property; location of home furnishings; location of vehicle registration and driver's licensing; and location of bank accounts and payment of utilities to determine whether an individual has established a domicile).

For purposes of diversity jurisdiction, the defendant that Mr. Armbrester has identified as Lloyd's of London Insurance Underwriters, an insurance syndicate, is a citizen of any state of which a member of the syndicate is a citizen. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1088 (11th Cir. 2010) (Lloyd's syndicates "are classic examples of unincorporated associations," and are citizens of the states of "each of their member Names.").[7] In this case, at least one of the members of the Lloyd's syndicate that insured Mr. Armbrester's property, Remember Baker Corporation, was a citizen of Alabama

_____

[7] The Lloyd's defendant states that its proper name is Certain Underwriters at Lloyd's, London Subscribing to Policy No. 340698. (*See* Doc. 20, p. 1).

when Mr. Armbrester filed his complaint. (Doc. 40-1, ¶ 10). A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (stating that a corporation's principal place of business is the place where a corporation's officers direct, control, and coordinate the corporation's activities—that is, the corporation's "headquarters" or "nerve center"). Remember Baker Corporation is incorporated under the laws of Delaware, and Remember Baker Corporation has its principal place of business in Birmingham, Alabama. (Doc. 40-1, ¶ 8). Therefore, Remember Baker Corporation is a citizen of Alabama.

Because Mr. Armbrester and the Lloyd's defendant both are citizens of Alabama, the parties are not completely diverse, and the Court does not have subject matter jurisdiction over Mr. Armbrester's state law claims. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). Therefore, the Court must dismiss this action. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). ("[F]ederal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction, and once a court determines that there has been no grant that covers a

particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction."). If Mr. Armbrester wishes to pursue his claims against the defendants, he must file his claims in state court.

## III. CONCLUSION

For the reasons stated above, the Court does not have subject matter jurisdiction over Mr. Armbrester's state law claims. The Court will enter a separate order dismissing this action.

**DONE** and **ORDERED** this October 16, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE